IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Essam Mohamed  Aly Deraz, an Egyptian national,

Plaintiff

vs.

ABC, Inc., a New York corporation;
ABC News, Inc., a Delaware corporation, and
American Broadcasting Companies, Inc., a Delaware corporation

Defendants.

# COMPLAINT

Plaintiff Essam Mohamed Aly  Deraz alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 101 et seq., false

designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a), unjust enrichment,

quantum meruit, misappropriation of business value, and deceptive trade practice under C.R.S. §

6-105(l)(a) and (1)(b). Subject matter jurisdiction is confered by 17 U.S.C. § 501, 15 U.S.C. §

1121, 28 U.S.C. § 1331, 1338, and 1367, and the doctrine of pendent jurisdiction.

2.      A substantial portion of the events giving rise to this claim occurred in this district,

including multiple acts of infringement and unfair competition; ABC and ABC News are

qualified to do business in this district; and upon information and belief ABC News and

American Broadcasting have agents in and do business in this district. Venue is proper in this

district under 28 U.S.C. § 1391 and 1400.

<u>PARTIES</u>

3.      Essam Mohamed Aly  Deraz, is an Egyptian national residing and having a mailing address at Rabaa Estesmary Project, Building 1, Flat 2, Nasr City, Cairo, Egypt ("Deraz").

4.      Deraz is a free-lance journalist, film-maker and novelist.

5.      ABC, Inc., is a New York corporation with a principal office street address at 77 West 66th Street, New York, New York 10023-6298, qualified to do business in Colorado as a foreign corporation ("ABC").

6.       ABC News, Inc., is a Delaware corporation with a principal office street address at 47 West 66th Street, New York, New York 10023, qualified to do business in Colorado as a foreign corporation ("ABC News").

7.      American Broadcasting Companies, Inc., is a Delaware corporation with a principal executive office street address at 77 West 66th Street, New York, New York 10023-6298 ("American Broadcasting") and, upon information and belief does business in this district.

<u>COUNT I</u>

<u>COPYRIGHT INFRINGEMENT</u>

[17 U.S.C. § 101 <u>et seq.</u>]

10.      Deraz realleges paragraphs 1 through 7 of this Complaint.

11.      As early as 1989, Deraz created film and photographic images of Osama Bin Laden in Afghanistan (individually and collectively referred to herein as "Deraz Works").  Deraz worked in Afghanistan between 1986 and 1992 during the Soviet-Afghan war at great risk to his personal safety. During that period he received special permission to visit the Mujahedeen main base camp in the Hindu Kush mountains known as Masaada (the "Lion's Den").  There he was given unprecedented access to photograph and film Osama Bin Laden.  Deraz spent several

months by Osama Bin Laden's side between 1987 and 1992. He was the only cameraman with Osama Bin Laden in the late 1980's and his film and photographs were the only ones ever taken then that show Osama Bin Laden in the battlefield.

12.    Copies of images representative of the Deraz Works are attached hereto as Schedule A and made a part hereof ("Material").

13.    The Deraz Works are original works of authorship fixed in a tangible medium of expression.

14.    Copyright subsists and has subsisted in the Deraz Works since the moment Deraz created them by virtue of and under the laws of the United States and an international copyright treaty to which the United States is a signatory, namely, the Berne Convention for the Protection of Literary and Artistic Works.

15.    As a national of a country that is signatory to the Berne Convention for the Protection of Literary and Artistic works, Deraz is entitled to national treatment as well as by virtue of the Agreement on Trade-Related Aspects of Intellectual Property.

16.    Deraz owns all right, title and interest in and to the Deraz Works, including the copyright therefor ("Deraz Copyright").

17.    The Deraz Works are the subject of a pending United States Copyright Office application for registration, a copy of which is shown in Schedule B attached hereto and made a part hereof.

18.    The Deraz Works are the subject of Registration 2125 at the Saudia Arabian Ministry of Information, dated 26-6-1411-H (corresponding to the year 1991).

19.    The Deraz Works are the subject of a registration in Egypt in 1999.

20.    Upon information and belief, all defendants had access and the opportunity to copy the Deraz Works.

21.    ABC News obtained copies of all or portions of the Deraz Works.

22.    Upon information and belief, ABC and American Broadcasting obtained copies of all or portions of the Deraz Works.

23.    Neither ABC News, ABC, nor American Broadcasting are owners of lawfully made copies of the Deraz works.

24.    Sometime in or around 1998, ABC News telephoned Deraz to request permission to use all or portions of the Deraz Works on a one-time limited basis for a program it was producing and paid Deraz $7,000 for such use.  Subsequently, within two to three weeks thereafter ABC News again contacted Deraz, requested permission to again use all or portions of the Deraz Works, and paid Deraz an additional $8,000 for the second one-time basis usage.

25.    Subsequently, and exceeding the extent of permission applicable to the aforementioned two instances where ABC News paid Deraz for the limited right to use the Deraz Works, without Deraz's authorization ABC News exercised exclusive rights belonging to Deraz concerning the Deraz Works and authorized others to do the same.

26.    Upon information and belief, without Deraz's authorization ABC exercised exclusive rights belonging to Deraz concerning the Deraz Works and authorized others to do the same.

27.    Upon information and belief, without Deraz's authorization American Broadcasting exercised exclusive rights belonging to Deraz concerning the Deraz Works and authorized others to do the same.

28.    American Broadcasting drafted and proposed at least seven successive written versions of an agreement ("Proposed Agreement") to Deraz, beginning as early as in or around March, 2002. Among other things, the latest version sent to Deraz in or around September, 2003, provides that Deraz, as licensor, would grant rights to American Broadcasting as licensee to use "…unlimited

amounts of footage and photographs from …" the Deraz Works "…in programming distributed by ABC News, by its affiliated U.S. broadcast stations within the ABC Television Network, or by other entities licensed to distribute ABC News programming, worldwide in all media, on all platforms, in perpetuity…"  that would be "…retroactive, covering all previous and future uses…."

29.     Each version of the Proposed Agreement states "…(T)itle to the Material and all rights (including copyright) therein shall remain in Licensor."

30.     American Broadcasting made substantive changes to the Proposed Agreement in each succeeding unexecuted version that American Broadcasting delivered to Deraz including, among other things, expanding the scope of the rights it covers and increasing the amount of compensation American Broadcasting was will to pay Deraz as a license fee.

31.     Two initial unexecuted versions of the Proposed Agreement referred to a license fee amount of $10,000.  Subsequent successive unexecuted versions included license fee amounts of $15,000, $120,000, and $140,000 and all, other than what appears to be the third version seek distribution of the Deraz Works in "ABC News programming" worldwide in all media in perpetuity.  The most recent unexecuted version indicates American Broadcasting is willing to pay Deraz $350,000 as a license fee for rights in the Deraz Works American Broadcasting is seeking.

32.     Notwithstanding Deraz's communication of his willingness to the terms of what appears to be the sixth succeeding unexecuted version of the Proposed Agreement, American Broadcasting continued to unilaterally substantively change the terms of the Proposed Agreement without executing any version whatsoever it had previously delivered to Deraz.

33.     There is no written agreement with Deraz concerning the Deraz Works executed by ABC

News, ABC, or American Broadcasting whereby Deraz authorizes any of them, or persons whom they authorized use of the Deraz Works, to use or exercise in any way Deraz's exclusive rights in the Deraz Works.

34.    On May 21, 2005, Deraz rescinded and terminated in writing any outstanding offers by him that he may have made prior to May 21, 2005 regarding usage of the Deraz Works by sending a notice to this effect to John W. Zucker, ABC Senior Vice President, Law & Regulation ("Zucker").

35.    Subsequently, on May 31, 2005, Zucker provided a copy of the latest recent version of an agreement to Deraz by American Broadcasting concerning the Deraz Works that Zucker noted as "proposed."

36.    To date, neither ABC News, ABC, nor American Broadcasting has informed Deraz about the extent to which any one or all of them reproduced and or authorized reproduction of the Deraz Works.

37.    To date, neither ABC News, ABC, nor American Broadcasting has informed Deraz about the extent to which any one or all of them created and or authorized creation of derivatives of the Deraz Works.

38.    To date, neither ABC News, ABC, nor American Broadcasting has informed Deraz about the extent to which any one or all of them publicly performed and or authorized the public performance of the Deraz Works.

39.    To date, neither ABC News, ABC, nor American Broadcasting has informed Deraz about the extent to which any one or all of them publicly distributed and or authorized the public distribution of the Deraz Works.

40.    Upon information and belief, ABC News and or ABC and or American Broadcasting

continue to date to use and or exercise all or some of Deraz's exclusive copyright rights in all or parts of the Deraz Works.

41.     Upon information and belief one or more authorizations by ABC News, ABC and American Broadcasting to third parties to use all or portions of the Deraz Works is or are continuing to date.

42.     Upon information and belief, ABC News and or ABC and or American Broadcasting provided copies to and or authorized use of all or parts of the Deraz Works by the British Broadcasting Company.

43.     Upon information and belief, ABC News and or ABC and or American Broadcasting provided copies to and or authorized use of all or parts of the Deraz Works by Cable Network News (CNN).

44.     Upon information and belief, ABC News and or ABC and or American Broadcasting provided copies to and or authorized use of all or parts of the Deraz Works by other persons.

45.     The acts of ABC, ABC News, and American Broadcasting complained of herein infringe the Deraz Copyright in violation of 17 U.S.C. § 106.

46.     Deraz has been damaged by the aforesaid infringing acts.

47.     The infringing acts of ABC News, ABC, and American Broadcasting have caused harm to Deraz and unless such acts are permanently enjoined ABC News, ABC, and American Broadcasting will continue to cause irreparable harm to Deraz.

<u>COUNT II</u>

<u>UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN</u>

[15 U.S.C. § 1125(a)]

48.     Deraz realleges paragraphs 1 through 47 of this Complaint.

49.    Neither ABC News, ABC, nor American Broadcasting, nor anyone authorized by one or more of them, at any time acknowledged or indicated by on- screen credit or in other ways that Deraz is the author and source of the Deraz Works.

50.    Neither ABC News, ABC, nor American Broadcasting have not at any time instructed anyone, authorized by one or more of them, to acknowledge or otherwise indicate by on-screen credit or in other ways that Deraz is the author and source of the Deraz Works.

51.    ABC News, ABC, and American Broadcasting failed to disclose publicly and continue to fail to disclose publicly ownership of the Deraz Works by Deraz.

52.    ABC News, ABC, and American Broadcasting failed to attribute and continue to fail to attribute to Deraz creation, ownership, and the source of the Deraz Works.

53.    By using their names and or logos in connection with the Deraz Works without disclosing Deraz as the owner and source, the acts of ABC News, ABC, and or American Broadcasting constitute a false designation of origin, a false or misleading description of fact, and or false misrepresentation of fact that was and is likely to cause confusion, or to cause mistake, or to deceive as to the (i) affiliation, connection, or association of ABC News, ABC and or American Broadcasting with Deraz, and or (ii) origin, sponsorship, or approval of the Deraz Works.

54.    There is a substantial likelihood that an appreciable number of consumers and members of the relevant trade have been and will be misled and or confused as a result of the aforesaid acts of ABC News, ABC, and or American Broadcasting.

55.    The aforesaid acts of ABC News, ABC, and American Broadcasting have deprived Deraz of the goodwill, value and other benefits that otherwise would have been available to him arising from and attributable to knowledge of the public and relevant trade of the true source, authorship, and ownership of the Deraz Works.

56.     The aforsaid acts of ABC News, ABC, and American Broadcasting constitute false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and have harmed as well as will continue to cause harm to Deraz.

57.     The aforesaid acts of ABC News, ABC, and American Broadcasting constitute a violation of Deraz's right of attribution and moral right to be known as the author, owner, and the source of the Deraz Works.

### COUNT III

### UNJUST ENRICHMENT, QUANTUM MERUIT, MISAPPROPRIATION OF BUSINESS VALUE

58.     Deraz realleges paragraphs 1 through 57 of this Complaint.

59.     Deraz spent substantial time, labor, and skill to create the Deraz Works at great risk to his personal safety and danger to his life.

60.     The Deraz Works are unique in the sense they are the only photos ever taken and film made showing Osama Bin Laden in the battlefield in the late 1980's.

61.     Neither ABC News, ABC, nor American Broadcasting obtained access to Osama Bin Laden to film and photograph him in the battlefield in the late 1980's.

62.     To produce material like the Deraz Works in the late 1980's it would have been necessary for ABC News, ABC, and or American Broadcasting to obtain access to and spend time with Osama Bin Laden to film and photograph him as well as to expend substantial time, labor, skill, and money in connection with such activity.

63.     By using the Deraz Works rather than independently producing material like the Deraz Works, ABC News, ABC, and or American Broadcasting saved substantial time, labor, skill, and money that one or more of them would otherwise have spent to film and photograph Osama Bin Laden.

64.    By using the Deraz Works, ABC News, ABC, and or American Broadcasting benefited from the time, labor, skill, and expenses Deraz spent in reference to them.

65.    By means of authorizing thirds persons to use the Deraz Works, ABC News, ABC, and or American Broadcasting received and benefited from the economic value attributable to exchanging and sharing news materials among news organizations, without any compensation to Deraz whatsoever for the time, labor, skill, and expenses he spent in reference to the Deraz Works.

66.    By including the Deraz Works in programming distributed by ABC News and by ABC News affiliated United States broadcast stations within the ABC Television Network, ABC News, ABC, and American Broadcasting benefited from the economic value attributable to their business relationships with each other and practice of sending and receiving news material to each other.

67.    By including the Deraz Works in programming produced by ABC News affiliates and licensed by ABC News for distribution by other entities worldwide in all media and on all platforms, ABC News, ABC, and American Broadcasting benefited from the economic value attributable to such practices.

68.    ABC News, ABC, and American Broadcasting unjustly enriched themselves by acquiring and retaining the economic value arising from and attributable to the substantial time, effort, skill, and money Deraz spent to create the Deraz Works that in justice and equity belongs to Deraz.

69.    Upon information and belief, the approach taken by ABC News, ABC, and or American Broadcasting in proposing substantive changes to succeeding versions of the Proposed Agreement without signing any version, manifests an intention on their part to avoid entering

into a license with Deraz concerning the Deraz Works and to benefit from his time, labor, skill, and money without any obligation whatsoever to meet his expectation of compensation.

70.       ABC News, ABC, and or American Broadcasting unfairly appropriated the product of Deraz's expenditure of labor, skill, and money.

71.       It would be and is unjust for ABC News, ABC, and American Broadcasting to retain the economic value and benefit they received through use of the Deraz Works, without properly and fairly compensating Deraz.

## COUNT IV

### DECEPTIVE TRADE PRACTICE UNDER COLORADO LAW

72.       Deraz realleges paragraphs 1 through 71 of this Complaint.

73.       Upon information and belief, ABC News, ABC, and American Broadcasting knowingly passed off  the Deraz Works.

74.       Upon information and belief, ABC News, ABC, and American Broadcasting knowingly made a false representation as to the source, sponsorship, and or approval of the Deraz Works.

75.       Upon information and belief, ABC News, ABC, and American Broadcasting are liable for deceptive trade practice under C.R.S. § 6-105 (1)(a) and (b).  As a result of their acts, Deraz has sustained and will continue to sustain loss of revenue and goodwill.  The unlawful conduct of ABC News, ABC, and American Broadcasting will continue to damage Deraz unless enjoined by this Court.

WHEREFORE, Deraz requests the Court to grant the following relief:

(1)       That ABC News, ABC, and American Broadcasting and their agents, servants, employees, licenses, affiliates, and those persons in active concert or participation with them:

(a)  be permanently enjoined and restrained:

(i)  from infringing Deraz's copyright and other proprietary rights in the Deraz Works in any manner;

(ii)  from falsely designating the origin of any material not originating with Deraz;

(b)  be ordered to deliver up for destruction all infringing materials in the possession or under the control of ABC, ABC News, American Broadcasting and their affiliates and licensees, and to completely erase all or any portion of the infringing material in digital or electronic form that may have been created, placed on any storage device or otherwise, including all backup copies thereof;

(c)  be ordered to file, within thirty (30) days from the issuance date of an injunction, a sworn report setting forth in detail the manner in which each of them has complied with the injunction;

(d)  be ordered to contact their affiliates and licensees in writing within thirty (30) days from the issuance date of an injunction and inform them about the injunction as well as ordered to instruct them to immediately discontinue using and to destroy all infringing material.

(2)  That an accounting and judgment be rendered against ABC News, ABC, and American Broadcasting for:

(a)  Their total gains, profits, and advantages from the reproduction, production, adaptation, creation of derivatives, distribution, public display and unjust enrichment of the infringing material, in an amount to be determined which, at present Deraz cannot fully ascertain;

(b)  all damages suffered by Deraz as a result of the acts of ABC News, ABC, and American Broadcasting complained of herein in an amount to be determined which, at present

Deraz cannot fully ascertain;

(c) all damages to the reputation and moral rights of Deraz in an amount no less than Ten

Million & 00/100 Dollars ($10,000,000).

(3)    That Deraz be awarded his costs in this action, including expert witness fees and his

reasonable attorneys' fees and pre-judgment and post-judgment interest.

(4)    That Deraz have such other and further relief as the Court deems just and proper.

<u>DEMAND FOR A JURY TRIAL</u>

Deraz demands a trial by jury on all issues so triable.


Dated: August 31, 2005

                                    Respectfully submitted,

                                    s/  <u>David A. Weinstein</u>
                                      DAVID A. WEINSTEIN,
                                      1600 Broadway, Suite 2600
                                      Denver, Colorado 80202
                                      Telephone: (303) 863-8818
                                      FAX:         (303) 863-8820
                                      E-mail:      davidaweinstein@qwest.net
                                      Attorney for Essam Mohamed  Aly Deraz


Plaintiff's Address:

Rabaa Estesmary Project, Building 1, Flat 2, Nasr City
Cairo, Egypt